CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 0 3 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LUIS SALVADOR SAUCEDO-GONZALEZ, ) | |
|     Plaintiff, ) | Civil Action No. 7:07-cv-00073 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA,[1] ) | By: Samuel G. Wilson |
|     Defendant. ) | United States District Judge |

Plaintiff, Luis Salvador Saucedo-Gonzalez, a federal inmate proceeding pro se, brings this action, claiming the officers of the United States Bureau of Prisons ("BOP") at United States Penitentiary in Atlanta, Georgia ("USP Atlanta") assaulted him and that he was subsequently denied proper medical treatment while at United States Penitentiary in Lee County, Virginia ("USP Lee"). Although Saucedo-Gonzalez styled this action as a civil rights action pursuant to 42 U.S.C. § 1983, because his claims are against federal actors, the court construed his claims as an action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) with jurisdiction vested pursuant to 28 U.S.C. § 1331.[2] Further, because Saucedo-Gonzalez provided evidence that he already pursued his claims under the Federal Tort Claims Act, 28 U.S.C. § 2672 et seq., with the U.S. Department of Justice, Bureau of Prisons, the court also construed his claims as an action pursuant to the Federal Tort Claims Act ("FTCA").

In his initial complaint, Saucedo-Gonzalez named the BOP as the sole defendant. By conditional filing order, the court advised Saucedo-Gonzalez that he could not maintain his Bivens claims against the BOP and gave him twenty (20) days to amend his complaint to name any individual

---

[1] In his complaint, Saucedo-Gonzalez names the United States Bureau of Prisons as the sole defendant. However, because only his Federal Tort Claims Act claims will go forward and because the United States is the only proper defendant in a Federal Tort Claims Act action pursuant to 28 U.S.C. § 2679(a), (b), the court will substitute the United States Bureau of Prisons with the United States. Accordingly, Saucedo-Gonzalez's claims under the Federal Tort Claims Act against the United States Bureau of Prisons are dismissed.

[2] See Conditional Filing Order, entered February 16, 2007, docket #5.

defendants. Despite this opportunity, Saucedo-Gonzalez did not name any other defendants. The court finds that the BOP is an improper defendant in an action brought pursuant to Bivens, and therefore dismisses Saucedo-Gonzalez's Bivens claims without prejudice.[3] Accordingly, only Saucedo-Gonzalez's FTCA claims against the United States of America will go forward.

## I.

Saucedo-Gonzalez alleges that on September 18, 2004, while designated at USP Atlanta, in transit to USP Lee, three BOP officers assaulted him, resulting in a "severely" fractured nose and leaving it "visibly damage[d] and disfigured." As a further consequence of this alleged assault, Saucedo-Gonzalez claims that he has suffered a deviation to the left side of his nose, making it difficult for him to breathe through his nose and forcing him to breathe through his mouth. He states that he has suffered mental trauma and now cannot sleep well. Saucedo-Gonzalez alleges that the BOP officers who allegedly assaulted him, told him to lie about the source of his injuries and if he did not, they would "come back and beat [him] up again." When Saucedo-Gonzalez arrived at USP Lee he concedes that he went through medical intake screening and that his nose was examined. He also concedes that he

---

[3] Furthermore, even if Saucedo-Gonzlez had named individual defendants to his Bivens claims, his claims would still be dismissed. With regard to his excessive force claim, the proper jurisdiction for Saucedo-Gonzlez to raise this claim would be the appropriate U.S. District Court in Georgia where the defendants reside and where the events underlying his claim occurred. 28 U.S.C. § 1391(b). Accordingly, even if he named proper defendants, his claim would be dismissed without prejudice for him to raise it in Georgia.

With regard to his denial of medical treatment claim, his claim would be dismissed for failure to state a claim. In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

In this case, Saucedo-Gonzlez concedes that he has received treatment from the jail medical staff on at least three occasions, including having x-rays taken. Accordingly, though Saucedo-Gonzlez may desire different treatment, the court finds his claims amount to nothing more than a patient-doctor disagreement regarding diagnosis and proper course of treatment, which is not actionable under the Eighth Amendment.

2

was seen by medical personnel at USP Lee on at least two other occasions, during one of which, x-rays of his nose were taken. Despite these concessions, Saucedo-Gonzalez claims that he has not received "any proper medical treatment" for his nose.

## II.

To state a cause of action under Bivens, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Even if Saucedo-Gonzalez's claims are sufficient to state a claim, because the BOP is not a "person" subject to suit under Bivens, Saucedo-Gonzalez cannot maintain a Bivens action against the BOP. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

## III.

For the stated reasons, the court dismisses Saucedo-Gonzalez's Bivens claims. Accordingly, only his FTCA claims against the United States that: (1) he was assaulted by BOP officers, and (2) he was negligently denied medical treatment will go forward.[4]

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 3rd of April, 2007.

United States District Judge

---

[4] These FTCA claims will be served by separate order.