CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 21 2007

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LUIS SALVADOR SAUCEDO-GONZALEZ, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Defendants. ) | Civil Action No. 7:07-cv-00073<br><br>**FINAL ORDER**<br><br><br>By: Samuel G. Wilson<br>United States District Judge |

Luis Salvador Saucedo-Gonzalez filed this action, claiming that he was assaulted by three Bureau of Prisons Officers while he was incarcerated at United States Penitentiary ("USP") Atlanta, Georgia, and that he received negligent medical attention for injuries he incurred during the assault, at both USP Atlanta and USP Lee County, Virginia.[1] The defendants filed a motion for summary judgment, and the court referred the matter to United States Magistrate Judge Michael F. Urbanski for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge subsequently filed a Report, finding that there was no genuine issue of material fact as to Saucedo-Gonzalez's claim of negligent medical care, but that there were questions of material fact as to his claim concerning the alleged assault. The Magistrate Judge recommended that the court grant the defendants' motion for summary judgment, in part, as the negligent medical care claim and deny it, in part, as to the assault claim. The Magistrate Judge further recommended the matter be transferred to the United States District Court for the Northern District of Georgia for further proceedings on

---

[1] Although Saucedo-Gonzalez styled this action as a civil rights action pursuant to 42 U.S.C. § 1983, because his claims were against federal actors, the court construed his claims as an action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) with jurisdiction vested pursuant to 28 U.S.C. § 1331. Further, because Saucedo-Gonzalez provided evidence that he already pursued his claims under the Federal Tort Claims Act, 28 U.S.C. § 2672 et seq., with the U.S. Department of Justice, Bureau of Prisons, the court also construed his claims as an action pursuant to the Federal Tort Claims Act ("FTCA"). After being given the opportunity to amend his claims, by Memorandum Opinion and Order entered April 3, 2007, the court dismissed Saucedo-Gonzalez's claims brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), for failure to name a proper defendant.

the remaining claim. Despite being given an extension, neither party has filed objections. Having reviewed the Magistrate Judge's Report and Recommendation and pertinent portions of the record, the court agrees with the Magistrate Judge's recommendation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that

(1) The Magistrate Judge's Report and Recommendation is **ADOPTED** in its entirety;

(2) Defendants' motion for summary judgment is **GRANTED in part and DENIED in part**; Saucedo's claim regarding negligent medical treatment is **DISMISSED**; Accordingly, only Saucedo-Gonzalez's claim under the FTCA related to the alleged assault shall go forward;

(3) This case is **TRANSFERRED** to the United States District Court for the Northern District of Georgia for further proceedings on the remaining claim; and

(4) This action is **STRICKEN** from the active docket of this court.

The Clerk of the Court is directed to send copies of this Order to the plaintiff and to counsel or records for the defendants.

ENTER: This 21st day of September, 2007.

United States District Judge

2

Case 7:07-cv-00073-SGW-mfu    Document 25    Filed 09/21/07    Page 2 of 2    Pageid#: 178